U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 JUN -5 AM 10: 47

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KELLY C. MAGINNIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:11-cv-36 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 15, 20 & 26)

This matter came before the court for a review of the Magistrate Judge's March 14, 2012 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 26). Neither party has objected to the R & R, and the deadline for doing so has expired.

In this action, pursuant to 42 U.S.C. § 405(g), Plaintiff Kelly Maginnis seeks review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. In the R & R, the Magistrate Judge recommends granting in part Ms. Maginnis's motion to reverse the Commissioner's decision (Doc. 15) and denying the Commissioner's motion to affirm the same (Doc. 20).

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual

or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

In his twenty page R & R, the Magistrate Judge carefully reviewed the factual record and the competing motions. He determined that Administrative Law Judge ("ALJ") Ruth Kleinfeld made two errors[1] in adjudicating Ms. Maginnis's claim for disability benefits.

First, although the ALJ stated that she gave "significant weight" to both Dr. Christopher Meriam's October 2002 opinion and Dr. John Leppman's May 2010 opinion (AR 17), the Magistrate Judge concluded that the ALJ's assessment of Ms. Maginnis's residual functional capacity ("RFC") "does not reflect either opinion." (Doc. 26 at 12.) The Magistrate Judge noted that since Dr. Meriam and Dr. Leppman "had fairly extensive treating relationships with [Ms.] Maginnis," the ALJ was required to either give these opinions controlling weight or weigh them according to the factors set forth in 20 C.F.R. § 404.1527(c)(2)-(6). (Doc 26 at 14.) Recognizing that the ALJ failed to do either, the Magistrate Judge properly concluded that the ALJ did not correctly weigh the medical opinion evidence.

Second, in assessing Ms. Maginnis's RFC, the ALJ found that she was capable of performing "light work" based on the medical opinions of non-examining and non-treating agency consultants. *See* SSR 83-10, 1983 WL 31251, at *5 (describing light work as "lifting no more than 20 pounds" and requiring "a good deal of walking or standing"). In contrast, treating physicians found that Ms. Maginnis should be limited to "sedentary work." *See Id.* (describing sedentary work as "lifting no more than 10

---

[1] The Magistrate Judge found that the ALJ did not err in assessing Ms. Maginnis's credibility or in discounting her subjective complaints regarding the severity of her impairments as those conclusions were supported by substantial evidence.

pounds" and requiring the worker to occasionally walk or stand). The Magistrate Judge properly concluded that the RFC determination was not supported by substantial evidence because non-examining and non-treating sources are generally given less weight than a claimant's examining and treating physicians. 20 C.F.R. § 404.1527(c)(1)-(2). The court agrees. On remand, the ALJ should reconsider Ms. Maginnis's RFC in light of the medical opinions and their proper weight.

For the foregoing reasons, the court hereby ADOPTS the R & R as the Opinion and Order of this court, GRANTS IN PART Ms. Maginnis's motion to reverse (Doc. 15), DENIES the Commissioner's motion for an order affirming the ALJ's decision (Doc. 20), and REMANDS this case for a redetermination of Ms. Maginnis's application consistent with the rulings set forth herein.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 5th day of June, 2012.

Christina Reiss, Chief Judge
United States District Court